UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
                                                              :
GLOBAL TECH INDUSTRIES                                        :
GROUP, INC., et al.,                                          :
                                                              :        No. 17-CV-3727 (OTW)
                              Plaintiffs,                      :
                                                              :        **OPINION & ORDER**
              -against-                                        :
                                                              :
GO FUN GROUP HOLDINGS, LTD., a BVI                            :
CORPORATION, et al.,                                          :
                                                              :
                              Defendants.                     :
                                                              :
---------------------------------------------------------------x

**ONA T. WANG, United States Magistrate Judge:**

Plaintiffs Global Tech Industries Group, Inc., and its subsidiary GT International Group,

Inc. (collectively, "Plaintiffs"), brought suit against Defendants Go Fun Group Holdings Ltd. and

Go F&B Holdings LTD (collectively, "Defendants") for breach of contract, specific performance,

indemnification, and fraud. Before the Court is Plaintiffs' motion to compel arbitration under

the terms of the parties' disputed settlement agreement. For the reasons that follow, Plaintiffs'

motion is **GRANTED** and the action is **DISMISSED**.

I.    **BACKGROUND**[1]

Plaintiff Global Tech Industries Group, Inc. ("GTII") is a holding and operating company

incorporated in Nevada. (ECF 7, Complaint ("Compl.") ¶ 1). Its subsidiary, GT International

Group, is a Wyoming corporation that shares office and operations space with GTII. (Compl. ¶¶

17-18). Defendant Go Fun Holdings Ltd. ("Go Fun") is a British Virgin Islands corporation that is

---

[1] The facts as set forth are substantially taken from Plaintiffs' Complaint (ECF 7), and from the Court's Opinion & Order denying Defendants' motion to dismiss. (ECF 40).

the "sole shareholder, director, decision maker & control party" of Defendant Go F&B Holdings Ltd. ("Go F&B"), which itself is the owner and sole shareholder of certain food, beverage, and restaurant target companies whose corporate assets Plaintiffs sought to acquire. (Compl. ¶¶ 1, 20-24). When Defendants allegedly expressed a desire to go public in the U.S. capital market through acquisition by a traded company, the parties entered into a Stock Purchase Agreement ("SPA"). (ECF 40 at 2; Compl. ¶ 29-30). Pursuant to the SPA, Go Fun paid a $126,000 deposit to GTII, but ceased making the SPA's required monthly payments of $91,667 in January or February 2018. (ECF 40 at 3; Compl. ¶ 31). Additionally, Go Fun did not disclose certain corporate and financial information to GTII, despite being required to do so under the SPA. (ECF 40 at 4).

On May 10, 2019, the parties informed the Court that they had reached a "confidential settlement agreement" through mediation. (ECF 146). Based on these representations, the Court dismissed the case, but without prejudice to restoration of the action within 30 days if the settlement was not fully effectuated. (ECF 148). On June 12, 2019, Defendants wrote to the Court, requesting reinstatement of the case because Plaintiffs had "failed to satisfy the conditions of the settlement." (ECF 149). Plaintiffs opposed this request, arguing that the Court no longer had jurisdiction over the matter because the operative settlement agreement ("Settlement Agreement") was governed by binding arbitration in Nevada. (ECF 150). The Court reopened the case on June 17, 2019, ordering the parties to e-mail to the Court a copy of the Settlement Agreement, and to brief the issue of arbitration. (ECF 151). The parties e-mailed a copy of the signed Settlement Agreement to the Court on June 24, 2019.

## II.   __DISCUSSION__[2]

Plaintiffs' motion to compel arbitration argues that the Settlement Agreement contains a binding arbitration provision, and that any disputes arising under the Settlement Agreement must be resolved by arbitration in Nevada, not by this Court. (ECF 154 at 6). Defendants argue in response that the conditions precedent needed to effectuate the Settlement Agreement were never fully satisfied, and so the agreement as a whole fails. (ECF 155 at 9). The Settlement Agreement, e-mailed to the Court, provides for arbitration as follows:

> "9. <u>Choice of Law & Dispute Resolution:</u> This Agreement shall be governed by and construed in accordance with the laws of the State of Nevada, without reference to its provisions regarding choice of law. Disputes that arise under this agreement shall be decided by binding arbitration in Nevada."

"[A]s a matter of substantive federal arbitration law, an arbitration provision is severable from the remainder of the contract." *Buckeye Check Cashing, Inc. v. Cardegna*, 546 U.S. 440, 445 (2006). Under the Federal Arbitration Act and the doctrine of severability, a trial court does not consider a challenge to an arbitration clause unless a party to the contract explicitly challenges the arbitration clause itself. "When a [party's] legal challenge is that a contract as a whole is unenforceable, the arbitrator decides the validity of the contract, including derivatively the validity of its constituent provisions (such as the arbitration clause)." *Bridge Fund Cap. Corp. v. Fastbucks Franchise Corp.*, 622 F.3d 996, 1000–01 (9th Cir. 2010).

---

[2] Because the Settlement Agreement is governed by Nevada law, the Court applies Nevada law to the parties' respective motions. *Terwilliger v. Terwilliger*, 206 F.3d 240, 245 (2d Cir. 2000) ("[A]s a general rule, choice of law provisions are valid and enforceable in New York") (internal punctuation omitted). Neither party disputes the application of Nevada law to their present dispute.

Here, Defendants have not argued that the arbitration clause, standing alone, is unenforceable. In support of their opposition to arbitration, Defendants argue that the Settlement Agreement contained express conditions precedent that needed to be satisfied within seven days, and that Plaintiffs failed to comply with one of those conditions, rendering the Settlement Agreement unenforceable. (ECF 155 at 7, 9-10). Specifically, Defendants argue that "here, there was a failure of a condition precedent, and as such, the parties' confidential settlement agreement fails and is not enforceable." *Id.* at 10. This is not a challenge to the Settlement Agreement's arbitration clause, and therefore the question of whether the contract as a whole is enforceable falls to an arbitrator, not this Court. *See Mwithiga v. Uber Techs., Inc.*, 376 F. Supp. 3d 1052, 1062 (D. Nev. 2019) (granting motion to compel arbitration where plaintiff did not specifically challenge the contract's arbitration clauses); *Roman v. Chase*, No. 2:09-CV-01476 (JCM), 2011 WL 1364116, at *2 (D. Nev. Apr. 8, 2011) (granting motion to compel arbitration where plaintiff made no specific challenge to contract's arbitration clause, and stating that "allegations about an entire contract are generally insufficient to defeat the applicability of an arbitration clause"); *Ball v. Skillz Inc.*, No. 2:20-CV-00888 (JAD) (BNW), 2020 WL 6685514, at *5 (D. Nev. Nov. 12, 2020), *aff'd sub nom. Roe v. Skillz, Inc.*, 858 F. App'x 240 (9th Cir. 2021) (granting motion to compel arbitration where plaintiffs' opposition to arbitration was functionally "a challenge to the validity of the entire contract").

Defendants further argue that "there is no dispute between the parties requiring arbitration," allegedly because Plaintiffs "admitted" that they failed to satisfy a condition precedent (ECF 155 at 1). Plaintiffs do not agree. (ECF 154 at 5). Indeed, the crux of the present motion is Defendants' insistence that the Settlement Agreement is not enforceable, and

Plaintiffs' insistence that it is. This is exactly the sort of dispute encompassed by Section 9 of the Settlement Agreement, and therefore is left to the arbitrator. "[W]hen parties agree to arbitrate all disputes arising under their contract, questions concerning the validity of the entire contract are to be resolved by the arbitrator in the first instance, not by a federal or state court." *Preston v. Ferrer*, 552 U.S. 346, 349 (2008).

### III.   <u>CONCLUSION</u>

Plaintiffs' Motion to Compel Arbitration is **GRANTED**. Plaintiffs additionally request that the Court decline further jurisdiction and reinstate dismissal. (ECF 154 at 7). Because the Settlement Agreement purported to resolve all claims in this case, and because all disputes arising under the Settlement Agreement are to be left to an arbitrator, this action is **DISMISSED**. *See Sparling v. Hoffman Const. Co.*, 864 F.2d 635, 638 (9th Cir. 1988) (explaining that courts have the authority to dismiss an action that is properly suited for arbitration). The Clerk of Court is respectfully directed to terminate the case and to close all open motions as moot.

**SO ORDERED.**

_s/ Ona T. Wang_

Dated: New York, New York          **Ona T. Wang**
      November 14, 2022          United States Magistrate Judge